### McGOWAN v McGOWAN et

Ohio Appeals, 1st Dist, Hamilton Co

No 5358. Decided April 11, 1938

Edward M. Ballard, Cincinnati, for appellee.

Carl Phares, Cincinnati, for appellant..

## OPINION

By HAMILTON, J.

This appeal is by the Receiver of The John H. McGowan Company, a corporation, from a decision of the trial court sustaining a demurrer to the Receiver's amended answer and cross-petition in a partition suit.

The partition suit was instituted by the heirs and legatees of John H. McGowan, deceased. In that action, the Receiver intervened, filing an answer and cross-petition, and an amended answer and cross-petition, in which he alleged that the factory building located on the premises sought to be partitioned, belonged to the corporation. The partitioners demurred to the amended answer and cross-petition, and that demurrer was sustained, for the reason stated in the decree that the claim was barred by the statute of limitations.

The question for decision here is:—Was the trial court correct in sustaining the general demurrer to the amended answer and cross-petition? The reason for the sustaining is not important, if the judgment is correct. The question for determination here is, whether or not the amended answer and cross-petition states a cause of action to support the Receiver's claim to the factory building located on the premises.

The essential allegations of the amended answer and cross-petition are, that for a great many years prior to June 8th, 1918, the property in question was owned by John H McGowan. On the property was a factory building. This property was used by The John H. McGowan Company, a corporation in carrying on its business of manufacturing and selling pumping equipment and machinery. The John H. McGowan Company was a closed corporation, in which John H. McGowan held the greater part of the stock; there being some shares to the immediate members of his family for organization purposes only. He was, therefore, the practical owner of the corporation.

On this property was a factory building which had been erected on the premises, all of which was owned by John H. McGowan, individually. The corporation occupied the premises and used the same under lease of John H. McGowan to his corporation.

On June 8th, 1918, the factory building having become inadequate for the purpose of the corporation's business, it was determined by the corporation, through John H. McGowan, its president, and the Directors of the Company, that John H. McGowan wreck the old factory building and erect a new factory building for the accommodation of the corporation. It is alleged that he erected the building at a cost of approximately $127,000.00, all of which was paid from the funds of the corporation. In the meantime, the corporation's lease had

expired, and a new lease for ten years was executed on August 3rd, 1922, and on August 6th, 1923 the said John H. McGowan died leaving an estate amounting to about $194,000.00. His estate was settled and all claims paid, and the real estate in question passed to the beneficiaries, the partitioners here.

The Receiver in his amended answer and cross-petition claimed that these allegations presented an actionable claim to the building as a trade fixture, anu prays that the interests of the corporation, through the Receiver, be protected, and that his equities in the premises be preserved, and his right to remove the building be determined, and that any sale under the partition proceeding be made subject to the rights of the Receiver in the premises, as the owner of the building.

To entitle the Receiver to the relief prayed for, it will be necessary for him to allege and prove that the factory building was constructed with the intention that it should remain the personal property of the corporation.

It is argued that John H. McGowan, the president of the corporation, was a trustee for the money of the corporation, and that it was wrongfully paid out. If this were a fact, it would simply be a case of misapplication of the funds of the corporation, and, if seasonably brought, would have entitled the corporation to a recovery of the money from McGowan, who was,, at the time of his death, fully solvent, and he left a large estate.

There is no claim that there were any debts of the corporation or any creditors at the time of paying out the money and constructing the new factory building. In passing, it way be well to state that there is no allegation in the amended cross-petition that the money was never paid back to the corporation or properly accounted for. This would have a bearing on the question of intention of the parties as to whether the factory was to remain the personal property of the corporation. It is not alleged that there was any claim ever asserted by the company during the lifetime of McGowan, or during the life of the lease which expired in 1933, that the factory was a trade fixture. The only suggestion which would have any tendency whatever to indicate that the factory building was a trade fixture is that the money used in its construction was advanced at one time by the corporation, with no allegation that it was never returned to the corporation.

There are **many** decisions bearing on the question of what constitutes a fixture or a trade fixture. In the last analysis, all these cases are determined on the question of facts which satisfy the court as to the character of the building attached to the realty.

The test as to whether or not the factory building was a fixture to the realty and not a trade fixture is announced in Teaff v Hewitt et, 1 Oh St 511, wherein it is stated in the first and second and third paragraphs of the syllabus:

"A fixture is an article which was a chattel, but which, by being affixed to the realty, became accessory to it and parcel of it.

"The true criterion of a fixture is the united application of the following requisites, to-wit: 1. Actual annexation to the realty, or something appurtenant thereto. 2. Application to the use, or purpose to which that part of the realty with which it is connected is appropriated. 3. The intention of the party making the annexation to make a permanent accession to the freehold.

"The criterion of a fixture applicable to machinery in a mill or manufactory is not different from that which applies to articles affixed to the freehold in any other situation."

In applying the criterion as to whether or not this factory building is a fixture, we find the first test, actual annexation to the realty. The petition shows this to be a fact. The second test, application to the use, or purpose to which that part of the realty with which it is connected is appropriated, we find that under the allegations of the petition that John H. McGowan was the owner of the realty. He was also the owner of the company. He wrecked the old building, which was on the premises, and constructed a new factory building, true more pretentious and more appropriate for the purpose, as an annexation to the realty. The fact that he thereupon released and executed a new lease, after the expiration of the prior lease, shows almost conclusively that the intention was that the factory building should be a fixture to the realty. There was no claim by the corporation to the property. The third test is, the intention of the party making the annexation to make a permanent accession to the freehold. The fact that John H. McGowan tore down the old factory building and constructed a new one in its place shows clearly the intention to make a permanent acces-

sion to the realty. There is not a single allegation that John H. McGowan, as president of the Company, or anyone for the Company made any claim until the filing of this cross-petition that it was not the intention of the parties that the annexation was not to be a permanent accession to the realty.

The most that can be said for the amended answer and cross-petition is that John H. McGowan misappropriated funds of the corporation. The relief sought cannot be based on this fact, if it were true.

There is some question as to whether or not if the tenant, the corporation in this case, ever had a right to remove the factory building as a trade fixture, it did not lose that right by failing to reserve it when it continued in possession after the expiration of the term under a new lease. The weight of authority is that the corporation would lose that right by taking a new lease without reservation. There are decisions in Ohio which refuse to follow this weight of authority rule, and do follow the minority rule. However that may be, we do not find it necessary in this case to base our decision upon that point.

Our conclusion is, that under the allegations of the petition we are bound to find that there was an actual annexation to the realty; that the purpose fo. which the new building was constructed was to lease the same to the corporation, and was not a construction merely for trade purposes. Under the allegations of the petition, it is clear that the factory building was made an annexation to the freehold as a permanent accession thereto, and was, therefore, a fixture to the realty. We, therefore, find that the amended answer and cross-petition allege no facts which would entitle the Receiver to the relief sought.

The trial court was correct in sustaining the demurrer to the amended answer and cross-petition, and the judgment is affirmed.

ROSS, PJ, and MATTHEWS, J, concur.